## SMITH et al. v. ORO GRANDE MINES CO. et al.

(Supreme Court, Appellate Division, First Department. February 6, 1914.)

CORPORATIONS (§ 211*)—ACTIONS BY MINORITY STOCKHOLDERS—COMPLAINT—SUFFICIENCY.

    In an action by the minority stockholders of a corporation, organized to take over the property of a syndicate, who had purchased their shares on the representations that such property had been acquired at actual cost and had been fully paid for by the syndicate, a complaint, seeking to enforce various obligations due the syndicate from defendants, who had used its money to defray their own subscriptions to its stock, *held* to state a cause of action.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 814–818, 820, 821, 823, 824; Dec. Dig. § 211.*]

Appeal from Special Term, New York County.

Action by Douglas Smith and others against the Oro Grande Mines Company and others, impleaded with the Consolidated Gold Fields of South Africa, Limited, and others. From order sustaining demurrers to the complaint, plaintiffs appeal. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

Edward J. Patterson, of New York City, for appellants.
Burt D. Whedon, of New York City, for respondents.

PER CURIAM. This is a representative action by minority stockholders of the defendant the Oro Grande Company. The plaintiffs appeal from orders sustaining the several demurrers of the defendants Consolidated Gold Fields of South Africa, Limited, and of the individual defendants, Webb, Wing as trustee, and McDougall, to the complaint, on the ground that the same does not state facts sufficient to constitute a cause of action.

The gist of the complaint (which with its exhibits cover over 100 printed pages), so far as this appeal is concerned, is as follows: Certain of the defendants being in control of the Refugio Syndicate (a corporation) became subscribers to an agreement for the purchase for cash of stock of that company, which then owned or had contracted to purchase certain mining properties, the cost of which was to be paid with the moneys provided by such subscriptions; that having secured possession of the stock, instead of paying cash as agreed, the subscribers through their managing agents gave their note for the purchase price, which note, together with the subscribers' obligations on their stock subscriptions, the Refugio Company pledged to a trust company as trustee, the latter agreeing to issue participating certificates, which the pledgor purposed to sell; that, when only about $157,000 of each

certificate had been issued or sold, the trustee resigned and respondent Wing was by the pledgor named as substituted trustee, the $800,000 note and subscription agreement was surrendered, and a new note for $300,000 (secured by the old collateral) was made by the Refugio Company to defendant the Gold Mine Company, acting in behalf of respondent Webb and another, the real lenders, with the proceeds of which note, the $157,000 participating certificates were retired, and which note was subsequently fraudulently reduced to judgment against the Refugio Company, which had, by the means aforesaid and others, permitted its moneys to be used by the subscribers for the payment of their obligations to it; that having failed to pay the major part of their subscriptions for the Refugio stock, and its properties being still unpaid for, its title and interest in the $800,000 note of the subscription managers, together with the subscription agreement and the moneys due thereon, were fraudulently sold to respondent McDougall for $300, all of said transactions, together with the avails thereof, being inspired and used for the benefit of such subscribers and not for the benefit of the Refugio Company; that, to further their alleged fraudulent purposes, the subscribers organized the defendant Oro Grande Company to take over the properties of the Refugio Company, and sold to plaintiffs and others shares of its stock on the representation that such properties had been acquired for their actual cost to the Refugio Company and had been fully paid for by the latter; that the same parties or some of them had now organized the defendant Plateros Company to take over the Oro Grande Company's interests and properties, to obtain the legal title to which they proposed to utilize the Gold Mines Company's judgment and other fraudulent obligations, and by the same means to escape the further payments on their subscription obligations, the payment of which would enable the Refugio Company to pay the sums remaining due on its properties acquired by the Oro Grande company. The relief sought is the enforcement of the various obligations arising out of the foregoing facts, setting aside of the Gold Mines Company's judgment, and other alleged fraudulent transactions by which plaintiffs' rights are imperiled, for an accounting, etc.

From the foregoing skeletonized statement, it needs no argument to show that the complaint is good as against the demurring respondents who are each proper, if not necessary, parties to the action. The several orders should be reversed, with $10 costs and disbursements, and the demurrers overruled, with $10 costs, with leave to defendants to withdraw demurrers to answer within 20 days on payment of costs.